**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NOS. 17-2-DLB-CJS and 17-50-DLB-CJS**

**ROBERT W. CRAIL, SR. and DOROTHY
P. CRAIL, CO-ADMINISTRATORS OF THE
ESTATE OF ROBERT W. CRAIL, JR.,** *et al.* **PLAINTIFFS**

**v.** **MEMORANDUM OPINION AND ORDER**

**ELSMERE HEALTH FACILITIES, LP
d/b/a WOODCREST NURSING AND
REHABILITATION CENTER,** *et al.* **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I.     Introduction**

These cases, which involve the same parties and arise from the same factual circumstances, are before the Court on several pending motions. Specifically, in case no. 17-cv-2, Plaintiffs have filed a Motion for Leave to File a First Amended Complaint to join Barbara Beckley, Jessica Stines, Rhea Dwyer, Monica Parks Daniels, Hannah Ralston, and Franklin Nathan as defendants (Doc. # 8); and a Motion to Remand this matter to the Kenton County, Kentucky Circuit Court from which it was removed (Doc. # 9). And in case no. 17-cv-50, Plaintiffs have also filed a Motion to Remand.[1] (Doc. # 14). Each of these

---

[1] In addition to the above motions, Defendant Elsmere Health Facilities, LP d/b/a Woodcrest Nursing and Rehabilitation Center ("Woodcrest") has filed a Motion for Settlement Conference in case no. 17-cv-2. (Doc. # 21). In case no. 17-cv-50, Defendants Rhea Dwyer, Hannah Ralston, Barbara Beckley, and Franklin Nathan have filed a Joint Motion to Dismiss (Doc. # 26); Defendant Woodcrest has filed a Motion for Leave to File a Surreply (R. 27); and Plaintiffs have filed a Motion for Leave to File a First Amended Complaint (Doc. # 31). Because the Court is remanding both of these cases to the Kenton Circuit Court, these pending motions will be denied as moot.

1

motions has been fully briefed by counsel. For the reasons discussed below, Plaintiffs' Motions will be **granted.** Plaintiffs' Amended Complaint tendered in case no. 17-cv-2 (Doc. # 8-2) will be ordered filed of record in that case. Thereafter, case no. 17-cv-2 and case no. 17-cv-50 will be remanded to the Kenton Circuit Court from which they were removed.[2]

## II. Factual and Procedural Background

### A. Case No. 17-cv-2

On December 12, 2016, Plaintiffs Robert W. Crail, Sr. and Dorothy P. Crail, as co-administrators of the Estate of Robert W. Crail, Jr., and Megan Crail and Robert W. Crail, III[3] filed a civil action in the Kenton Circuit Court against Elsmere Health Facilities, LP d/b/a Woodcrest Nursing and Rehabilitation Center ("Woodcrest"), John Doe, and Jane Doe. (Doc. # 1-2). Plaintiffs allege Woodcrest is a nursing home facility that undertook to render personal care to Robert W. Crail, Jr. and provide him room and board. (*Id.* at 5). Plaintiffs state that John Doe and Jane Doe are registered nurses and/or certified nurse aides employed by Woodcrest. (*Id.*). Plaintiffs state that Robert W. Crail, Jr. had impaired mobility and muscular dystrophy. (*Id.* at 6). According to Plaintiffs, on March 20, 2016, Robert W. Crail, Jr. was found deceased on the landing of a flight of stairs at the facility. (*Id.*). Plaintiffs' Complaint alleges five counts against Defendants, claiming negligence, wrongful death, personal injuries and pain and suffering, punitive damages, and loss of

---

[2] These matters will be remanded separately, rather than consolidated pursuant to Federal Civil Rule 42 and then remanded. As subsequently discussed, case no. 17-cv-50 was improperly removed to this Court. Pursuant to case law within the Sixth Circuit, "[i]f one of the actions to be consolidated was improperly removed, then consolidation is not allowed." *Pitstick Farms, Inc. v. Sanders Sales & Service, Inc.*, No. 2:04-cv-997, 2005 WL 1151684, at *2 (S.D. Ohio May 16, 2005) (citing *Heck v. Board of Trustees, Kenyon College*, 12 F. Supp. 2d 728, 747 (S.D. Ohio 1998)).

[3] Robert W. Crail, Sr. and Dorothy P. Crail are Robert W. Crail, Jr.'s parents. Megan Crail and Robert W. Crail, III are Robert W. Crail, Jr.'s children. (Doc. # 8-2, at 3).

2

consortium. (*Id.* at 7-12).

On January 5, 2017, Defendant Woodcrest removed the case to this Court based upon diversity jurisdiction. (Doc. # 1). Woodcrest alleges Co-Administrator Plaintiffs Robert W. Crail, Sr. and Dorothy P. Crail and Robert W. Crail, III are all residents of Kenton County, Kentucky.[4] (Doc. # 1-2, at 4; Doc. # 1, at 3). Woodcrest further alleges Megan Crail is a resident of Davidson County, Tennessee. (Doc. # 1-2, at 5; Doc. # 1, at 3). As for Woodcrest, it is a limited partnership with two members, Thomas D. Scott and Elsmere Health Facilities GP, LLC. Woodcrest states Thomas D. Scott is a resident of Texas and Elsmere Health Facilities GP, LLC, is a citizen of Texas. (Doc. # 1, at 3 ¶ 6.c.). Woodcrest's principal place of business is also located in Texas, and therefore it concludes it is a citizen of Texas. (*Id.*). The parties do not dispute that the amount in controversy exceeds the requirement under 28 U.S.C. § 1332(a). (Doc. # 1, at 4; Doc. # 9, at 2). This case was assigned number 17-cv-2 upon removal.

On January 27, 2017, Plaintiffs filed a Motion for Leave to File First Amended Complaint with Jury Demand (Doc. # 8) seeking to join six defendants allegedly employed at Woodcrest at the time of Robert W. Crail, Jr.'s death, including: Registered Nurse Barbara Beckley; Certified Nurse Assistants Jessica Stines, Rhea Dwyer, Monica Parks

---

[4] Woodcrest's Notice of Removal is, however, deficient in that Defendant alleges the residency of the parties, rather than their citizenship. In addition, Woodcrest alleges Plaintiffs Robert W. Crail, Sr. and Dorothy P. Crail, Co-Administrators of the Estate of Robert W. Crail, Jr., reside in Kentucky. (Doc. # 1, at 3 ¶ 6.a.). However, for purposes of diversity jurisdiction, the citizenship of the decedent controls. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."); *see also McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.,* 298 F.3d 586, 597 n.3 (6th Cir. 2002); *Mudd v. Yarbrough,* 786 F. Supp. 2d 1236, 1246 (E.D. Ky. 2011). As the Court is remanding these cases, these errors are of no consequence, and the Court will not require Plaintiff to amend its Complaint to correct these deficiencies.

Daniels, and Hannah Ralston; and former Woodcrest Administrator Franklin Nathan (*see* Doc. # 8-2).  In support of the Motion, Plaintiffs allege that since the date of removal, they have discovered the identity of these employees and now seek to add them to the cause of action in place of the John Doe and Jane Doe defendants. (Doc. # 8, at 2).  The proposed Amended Complaint includes factual allegations against these newly-named individual Defendants and replaces the wrongful death count with a respondeat superior claim.  (Doc. # 8-2, at 5-8).  This new count alleges that the individual Defendants were agents and/or employees of Woodcrest and, thus, Woodcrest is responsible for their negligence pursuant to respondeat superior.  (*Id.* at 10).  Plaintiffs argue that leave to amend should be granted under Federal Civil Rule 15 and attach a copy of the proposed Amended Complaint for filing.  (Doc. # 8, at 2-3; Doc. # 8-2).

On February 2, 2017, Plaintiffs also filed a Motion to Remand this matter back to the Kenton Circuit Court where it was originally filed.  (Doc. # 9).  As grounds for this Motion, Plaintiffs argue this case never should have been removed from state court because a "Doe" case should not be removed prior to establishing the citizenship of all defendants.  (*Id.* at 2-4).  Plaintiffs further note that some of the Woodcrest employees named in its proposed Amended Complaint are citizens of Kentucky, and thus this Court will no longer have diversity jurisdiction over this matter after the Amended Complaint is filed of record.  (*Id.* at 4-6).

Defendant Woodcrest filed Responses opposing Plaintiffs' two Motions (Doc. # 11; Doc. # 13), to which Plaintiffs filed Replies (Doc. # 12; Doc. #15).  These Motions are thus ripe for the Court's consideration.

4

### B. Case No. 17-cv-50

On March 20, 2017, while the Motion to Amend and Motion to Remand were pending in case no. 17-cv-2, Plaintiffs filed a second civil action in the Kenton Circuit Court against Elsmere Health Facilities, LP d/b/a Woodcrest Nursing and Rehabilitation Center, Barbara Beckley, Jessica Stines, Rhea Dwyer, Monica Parks Daniels, Hannah Ralston, Franklin Nathan, and John and Jane Doe defendants. (Doc. # 1-7). The claims alleged in this Complaint are the same as the claims alleged in Plaintiffs' proposed Amended Complaint tendered with their Motion for Leave to File an Amended Complaint in case no. 17-cv-2. (*Compare* Doc. # 8-2 in 17-cv-2 *with* Doc. # 1-7 in 17-cv-50).

On March 29, 2017, Defendant Woodcrest removed the second state action to this Court, arguing diversity jurisdiction exists pursuant to the doctrine of fraudulent joinder. (Doc. # 1). Specifically, Defendant argues Plaintiffs do not present any colorable claims against the individually-named defendants under Kentucky law and, therefore, these Defendants were fraudulently joined for the purpose of defeating diversity jurisdiction. (*Id.* at 4-8). Consequently, argues Defendant, the doctrine of fraudulent joinder requires the citizenship of these individual defendants be ignored in determining the presence of diversity jurisdiction. (*Id.*).

On April 14, 2017, Plaintiffs filed a Motion to Remand this case to the Kenton Circuit Court. (Doc. # 14). In the Motion to Remand, Plaintiffs claim that the individual Defendants were not fraudulently joined for the purpose of destroying diversity jurisdiction. In particular, Plaintiffs contend they pleaded causes of action against each of the these Defendants in their individual capacity as Mr. Crail's caretakers and/or as administrators of Woodcrest. (*Id.*).

On May 3, 2017, Woodcrest filed a Response in opposition to Plaintiffs' Motion to Remand. (Doc. # 18). On May 17, 2017, Plaintiffs filed their Reply. (Doc. # 21). As a result, this Motion is also ripe for the Court's review and is considered immediately below.

## III. Analysis

### A. Motion to Remand in Case No. 17-cv-50

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal based on diversity jurisdiction, as occurred here, requires both complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332; *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). Complete diversity requires that no plaintiff and no defendant be citizens of the same state. *V&M Star*, 596 F.3d at 355.

Defendant Woodcrest removed Plaintiffs' second state court action on the asserted basis that diversity jurisdiction exists over the case. The parties do not dispute that the amount in controversy in this matter exceeds the $75,000 threshold. The question is whether there is complete diversity. In its Notice of Removal, Woodcrest acknowledges that Defendants Jessica Stines, Rhea Dwyer, Monica Parks Daniels, Hannah Ralston, and Franklin Nathan are all, like the majority of the Plaintiffs, residents of Kentucky, and are, thus, non-diverse. (Doc. # 1, at 3-4). Defendant argues, however, that the citizenship of these non-diverse individual defendants should be ignored for purposes of establishing diversity jurisdiction because they were fraudulently joined for the purpose of destroying

6

diversity. (*Id.* at 4).

The doctrine of "fraudulent joinder" allows federal courts to sever a non-diverse defendant from a case when the claim against him is "so frivolous that its only conceivable purpose is to destroy diversity and prevent removal." *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 592 (E.D. Ky. 2011). "Claims of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence." *Parker v. Crete Carrier Corp.*, 914 F. Supp. 156, 159 (E.D. Ky. 1996). The inquiry is whether plaintiff has at least a colorable cause of action against defendant in state court. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999). Defendants "must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. American Tobacco*, 183 F.3d 488, 493 (6th Cir.1999) (citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). In other words, the question is "whether there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949.

Because the removing party bears the burden of demonstrating fraudulent joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-moving party, and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Id.*; *Coyne,*183 F.3d at 493. Several courts have characterized the standard for showing fraudulent joinder as "even higher than the standard for succeeding on a motion to dismiss under Federal Rule 12(b)(6)." *Anderson v. Merck & Co., Inc.*, 417 F. Supp. 2d 842, 845 (E.D. Ky. 2006) (citing *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 845-46 (S.D. Ohio 2002) (citing *Hartley v. CSX Trans., Inc.*, 187 F.3d 422 (4th Cir.

7

1999))).

Applying the above standard to the case at bar, Woodcrest must present sufficient evidence that Plaintiffs could not have established a cause of action against the non-diverse individual Defendants under Kentucky law. But Plaintiffs' Complaint does state colorable claims against the individually-named Defendants under Kentucky law. In their Complaint, Plaintiffs set forth allegations against Registered Nurse Barbara Beckley; Certified Nurse Assistants Jessica Stines, Rhea Dwyer, Monica Parks Daniels, and Hannah Ralston (CNA Defendants); and former Woodcrest Administrator Franklin Nathan in their individual capacities. Plaintiffs assert that these Defendants were negligent in caring for, monitoring, and protecting Mr. Crail on the day in question. (Doc. # 1-7).

Under Kentucky law, a negligence claim requires: "(1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) injury to the plaintiff; and (4) legal causation between the defendant's breach and the plaintiff's injury." *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012) (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88-89 (Ky. 2003) (citing *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky.1992))). Plaintiffs have alleged that Defendants had a duty to Mr. Crail "to provide medical care, services, and supervision, and otherwise provide for his reasonable safety . . . " (R. 1-7, at 10). Plaintiffs claim that Defendants breached that duty by their negligent failure, individually and jointly, to: develop, implement, and/or follow policies to monitor the locations of all patients and/or residents; ensure compliance with resident care policies; develop, implement, and/or follow policies to prevent patients and/or residents from falling; ensure appropriate monitoring procedures and measures were implemented and followed; and review, monitor and/or test safety devices and/or procedures already implemented,

8

including the alarms and locks on doors. (*Id.*).

Within the factual allegations of the Complaint, Plaintiffs specifically allege that Nurse Beckley advised the CNA Defendants that Mr. Crail was "out with family" on the day in question and that none of the CNA Defendants checked the Residents Sign-Out Sheet to confirm whether this was true. (*Id.* at 7). According to Plaintiffs, Mr. Crail had in fact not been with his family that day. (*Id.*). Plaintiffs further allege Defendant Nathan knew that the door alarms in the building were not functioning on the day Mr. Crail fell and, despite this knowledge, took no action to secure the unalarmed doors. (*Id.* at 8). Plaintiffs allege that, as a direct and proximate cause of the negligence of all Defendants, Mr. Crail suffered injuries that resulted in his death. (*Id.* at 9). Plaintiffs claim that, as a result of Defendants' negligence, Mr. Crail and his estate have suffered damages, including but not limited to funeral expenses. (*Id.*). Plaintiffs' allegations within their Complaint allege specific acts of negligence against the individual Defendants under Kentucky law.

Defendant Woodcrest offers three arguments in support of its contention to the contrary. First, in an attempt to show Plaintiffs have not alleged a colorable negligence claim against the individual Defendants, Woodcrest argues that Plaintiffs cannot show these Defendants breached a duty of care owed to Mr. Crail. (Doc. # 18, at 4-5). In particular, Defendant claims that the open-and-obvious nature of the danger of propelling an electric wheelchair down a flight of stairs precludes a finding under Kentucky law that the individually-named Defendants breached any duty owed to Mr. Crail. (*Id.*). Defendant cites to *Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901, 914 (Ky. 2013) in support of this position. (*Id.* at 5).

Defendant also argues that Plaintiffs cannot show proximate cause because Mr. Crail's injuries were not within the foreseeable scope of the risk of allegedly having failed to monitor a nursing home resident's location or to ensure that door alarm equipment was functioning properly. (*Id.*). Defendant cites to *Isaacs v. Smith*, 5 S.W.3d 500, 502 (Ky. 1999) in support of this assertion.

These first two defense arguments do not, however, demonstrate that Plaintiffs have not alleged a colorable negligence claim against the individual Defendants. Both *Shelton* and *Isaacs* are Kentucky cases analyzing the merits of a plaintiff's negligence claim in the context of whether such a claim could survive a motion for summary judgment. This matter is not before the Court on a motion for summary judgment. Instead, it is before the Court for consideration of whether Plaintiffs have asserted a colorable claim against the individual Defendants or instead have joined them without such a colorable claim for the purpose of preventing removal. The key question is whether there is a reasonable basis for asserting that Kentucky law might impose liability on the individual Defendants under the facts alleged. *Alexander*, 13 F.3d at 949. As discussed above, Plaintiffs have set forth sufficient allegations in their Complaint to allege a colorable claim of negligence. The issue of applicability of the open and obvious doctrine and/or whether Mr. Crail's injuries were within the foreseeable scope of the risk posed are matters for state court consideration after the parties are given an opportunity to conduct discovery. This Court is presently without jurisdiction to decide these matters. *See Scott v. State Farm Fire & Cas. Co.*, 13-cv-13287, 2014 WL 3054784, at *2 (E.D. Mich. July 7, 2014) ("the standard for determining whether a non-diverse party has been fraudulently joined is not the same standard for addressing either dismissal for failure to state a claim or for summary judgment") (citing *In re Briscoe*,

448 F.3d 201, 219 (3d Cir. 2006)); *see also Christ v. F.L. Smithe Mach. Co.,* No. 95-cv-70588-DT, 1995 WL 871213, at *2 (E.D. Mich. Dec. 29, 1995).

Indeed, this Court has previously considered, in the fraudulent joinder context, whether a colorable claim exists under Kentucky law based on allegations that nursing home employees were negligent in failing to exercise reasonable care to prevent harm to nursing home residents. Based on Kentucky case law, there is, "at the very least, potential liability on behalf of nursing homes, as well as their administrators and other personnel, for injuries sustained by residents under their care." *Lindsey ex rel. Estate of DeVane v. Kentucky Med. Inv'rs, Ltd.*, No. 05-cv-116-DLB, 2005 WL 2281607, at *5 (E.D. Ky. Sept. 19, 2005) (citing *Murphy v. EPI Corp.*, No.2002-002173, 2004 WL 405754, at *1 (Ky. Ct. App. Mar. 5, 2004) (finding that nursing home administrators and other staff members owe nursing home residents a duty of ordinary care in their activities to prevent foreseeable harm)). Considering the foregoing, Defendant Woodcrest has not met the heavy burden of proving that there is not even a reasonable basis for predicting Kentucky law might impose liability on the individual Defendants here. *See Jones*, 2012 WL 1984292, at *2 (citing *Nelson v. Clark*, No. 7:11-cv-82, 2011 WL 4900028, at *2 (E.D. Ky. Oct. 14, 2011) (quoting *Alexander*, 13 F.3d at 949)).

Defendants further claim that Plaintiffs' lack of consortium claim is not colorable under Kentucky law because Kentucky does not recognize loss of consortium claims asserted on behalf of a decedent's adult children or on behalf of an adult decedent's parents. (Doc. # 18, at 4). However, because Plaintiffs have alleged a theory of liability that presents a colorable claim against the individually-named Defendants—their negligence claim above—the Court need not address Woodcrest's argument regarding the

viability of a loss of consortium claim against these Defendants under Kentucky law.  *See Jones*, 2012 WL 1984292, at *3.

As a final matter, although Defendant does not argue that the individual Defendants were fraudulently joined because, under respondeat superior, an employee is not independently liable for his/or her negligence within the scope of employment, even had such an argument been made, it would not support a finding of fraudulent joinder. "Kentucky law permits employees to be sued personally for negligence in the course and scope of their employment." *Bowman v. Baggett*, No. 4:14-cv-00021-JHM, 2014 WL 2740573, at *2 (W.D. Ky. June 17, 2014) (citing *Enos v. Kentucky Distilleries & Warehouse*, 189 F. 342 (6th Cir.1911) ("the servant whose negligent act creates the liability of the corporation may, as a matter of right be joined as a defendant with the corporation"); *Carr v. Barnett*, 580 S.W.2d 237 (Ky. Ct. App. 1979) ("an agent is personally liable for his own tortious acts even though performed within the scope of his employment and under conditions which impose liability upon the principal also.").

Plaintiffs have stated a colorable negligence claim against individual Defendants Beckley, Stines, Dwyer, Daniels, Ralston, and Nathan, the Court finds that these Defendants were not fraudulently joined.  As a result, complete diversity does not exist, and remand to the Kenton Circuit Court of case no. 17-cv-50 is required.

**B.      Motion to Amend and Motion to Remand in Case No. 17-cv-2**

As discussed above, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Removal based

on diversity jurisdiction, as occurred here, requires both complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332; *V&M Star*, 596 F.3d at 355 (citing *Lincoln Prop. Co.*, 546 U.S. at 89). Complete diversity requires that no plaintiff and no defendant be citizens of the same state. *V&M Star*, 596 F.3d at 355.

Unlike the Court's finding above as to the removal of case no. 17-cv-50, Defendant Woodcrest properly removed case no. 17-cv-2. At the time of removal, there was complete diversity between the Plaintiffs and Woodcrest. Further, pursuant to the express language in 28 U.S.C. § 1441(b), the initial naming of "Doe" defendants in that Complaint did not impact whether diversity jurisdiction existed for purposes of removal because the citizenship of such defendants is disregarded. Plaintiffs cite to *Mullins v. King's Entertainment Co.*, 663 F. Supp. 61 (E.D. Mich. 1987) for the proposition that a "Doe" case should not be removed prior to establishing the citizenship of all defendants. (Doc. # 15, at 2-3). But § 1441 has been amended since the *Mullins* decision to add the above language providing that the naming of fictitious defendants does not defeat federal diversity jurisdiction. Pub.L. 100-702, § 1016(a), 102 Stat. 4642, 4669 (1988). The Sixth Circuit and other district courts have applied § 1441, as amended, to circumstances similar to those here and have consistently found that the citizenship of "Doe" defendants should be disregarded. *See, e.g., Alexander*, 13 F.3d at 948; *Smith v. Kmart Corp.*, No. 7:12-cv-103-KKC, 2012 WL 6652602, at **1-2 (E.D. Ky. Dec. 19, 2012); *Hedges v. Pfizer*, Inc., No. 5:05-cv-442-JMH, 2006 WL 197054, at *6, n.1 (E.D. Ky. Jan. 20, 2006). And as stated above, Plaintiffs do not contend that the amount in controversy is less than $75,000. Thus, this case was properly removed under 28 U.S.C. § 1441(a), the diversity requirements being met at the time of removal.

The question remains, however, of whether Plaintiffs should be permitted to amend their Complaint to add the non-diverse, individual Defendants and thereby defeat federal jurisdiction, requiring remand. Plaintiffs cite to Federal Civil Rule 15 in support of their Motion for Leave to Amend. Generally, amendments to pleadings are governed by Civil Rule 15, which permits a plaintiff to amend a complaint "once as a matter of course" within 21 days of a defendant's answer or motion to dismiss under Civil Rule 12. Fed. R. Civ. P. 15(a)(1). Rule 15 provides that even if the party does not seek the amendment within the of-right period, the court may give leave to permit such an amendment and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has recognized that "where the underlying facts would support a claim leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

"However, when a case has been removed to federal court and the amendment to the complaint would divest the court of jurisdiction, Congress has left the decision to the discretion of the courts." *Cooper v. Thames Healthcare Group, LLC*, No. 13-cv-14-GFVT, 2014 WL 941925, at *2 (E.D. Ky. Mar. 11, 2014) (citing 28 U.S.C. § 1447(e)). Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See also Lawson v. Lowe's Home Centers*, No. 13-cv-374-KKC, 2015 WL 65117, at *2 (E.D. Ky. Jan. 5, 2015). "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if

The question remains, however, of whether Plaintiffs should be permitted to amend their Complaint to add the non-diverse, individual Defendants and thereby defeat federal jurisdiction, requiring remand. Plaintiffs cite to Federal Civil Rule 15 in support of their Motion for Leave to Amend. Generally, amendments to pleadings are governed by Civil Rule 15, which permits a plaintiff to amend a complaint "once as a matter of course" within 21 days of a defendant's answer or motion to dismiss under Civil Rule 12. Fed. R. Civ. P. 15(a)(1). Rule 15 provides that even if the party does not seek the amendment within the of-right period, the court may give leave to permit such an amendment and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has recognized that "where the underlying facts would support a claim leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

"However, when a case has been removed to federal court and the amendment to the complaint would divest the court of jurisdiction, Congress has left the decision to the discretion of the courts." *Cooper v. Thames Healthcare Group, LLC*, No. 13-cv-14-GFVT, 2014 WL 941925, at *2 (E.D. Ky. Mar. 11, 2014) (citing 28 U.S.C. § 1447(e)). Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See also Lawson v. Lowe's Home Centers*, No. 13-cv-374-KKC, 2015 WL 65117, at *2 (E.D. Ky. Jan. 5, 2015). "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if

allowing joinder would be fair and equitable." *Id.* (quoting *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008) . . . ; *see also Lynch v. Lear Seating Corp.*, No. CIV.A.3:00-cv-323-S, 2001 WL 1774429, at *1 (W.D. Ky. Aug. 23, 2001) ("Essentially, joinder of a non-diverse party after removal is permissible if such joinder would be fair.")).

In the Sixth Circuit, courts consider the following factors when reviewing a motion to amend a complaint under § 1447(e): "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors."[5] *See Premium Fin. Grp., LLC v. MPVF LHE Lexington LLC*, No. 5:13-cv-362-KKC, 2014 WL 112308, at *4 (E.D. Ky. Jan. 9, 2014); *Holehan v. TBD Acquisition, LLC,* No. 3:13-cv-01226-TBR, 2014 WL 1922932, at *2 (W.D. Ky. May 14, 2014); *Bridgepointe Condominiums, Inc. v. Integra Bank Nat'l Ass'n*, No. 08-

---

[5] Defendant makes arguments related to these factors in its Response in opposition to Plaintiffs' Motion to Amend. However, Defendant advances its arguments in an effort to demonstrate that Plaintiffs' Motion to Amend should be denied because the amendment would result in fraudulent joinder. (Doc. # 11, at 4-5). Defendant also cites to cases that apply the fraudulent joinder standard. (*Id.*). Although the concepts of joinder of non-diverse parties (which occurred in this case, 17-cv-2) and fraudulent joinder (which occurred in 17-cv-50, as analyzed above) are closely related, the § 1447(e) factors and the fraudulent joinder analysis are not the same and are not applied under the same circumstances. As discussed above, "to prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. "Courts use the doctrine of fraudulent joinder to prevent a plaintiff from naming non-diverse nominal or irrelevant parties in order *to avoid removal* . . . In contrast, Section 1447(e) enables a court to prevent a party from single-handedly depriving it of jurisdiction by giving the court the discretion to prohibit joinder of non-diverse parties *after removal*." *Bridgepointe Condominiums, Inc. v. Integra Bank Nat'l Ass'n,* No. 08-cv-475-C, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009) (emphasis added) (citation omitted) (internal quotation marks omitted). Here in case no. 17-cv-2, Plaintiffs' Motion to Amend their Complaint to join the non-diverse employees was filed post-removal. Thus, the § 1447(e) factors are controlling and a fraudulent joinder analysis in this particular circumstance, as advanced by Woodcrest, is inapposite. Additionally, the fraudulent joinder argument is also not successful, as the Court concluded hereinabove.

cv-475, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009).  The first factor "appears to be of paramount importance." *Bridgepointe*, 2009 WL 700056, at *2 (citation omitted).

As to the first factor, the evidence does not favor a conclusion that the proposed amendment is intended to defeat jurisdiction.  Plaintiffs original Complaint that was removed from state court named John and Jane Doe defendants and specifically provided that these defendants are registered nurses and/or certified nurse aides employed by Woodcrest.  (Doc. # 1-2, at 5).  The inclusion of these defendants in the original Complaint indicates that Plaintiffs intended to name these defendants from the initiation of the cause of action in state court.  The fact that Plaintiffs contemplated naming these Defendants from the beginning suggests that these parties were not later added as an attempt to defeat federal jurisdiction but rather because Plaintiffs had discovered their identity. Further, and importantly, this Court found above that there is a colorable basis for Plaintiffs' negligence claims alleged against the individual Defendants under Kentucky law.  The fact that there is a basis under Kentucky law for Plaintiffs' claims against these Defendants is also indicative that Plaintiff is not attempting to join them to this action in an attempt to defeat federal jurisdiction.  This factor weighs in favor of allowing the amendment.

As for the second factor—whether Plaintiffs have been dilatory in seeking amendment of their Complaint—the Court is satisfied that Plaintiffs timely-filed their Motion to Amend.  Plaintiffs filed their original Complaint in state court on December 12, 2016. Plaintiffs claim, at the time of filing, they did not know the names of the Woodcrest employees responsible for Robert W. Crail, Jr.'s care.  According to Plaintiffs, upon learning the identities of said employees in early January 2017, they filed their Motion to Amend less than a month later on January 27, 2017.  Courts have found other plaintiffs not to be

dilatory where longer periods of time have elapsed. *See Bridgepointe*, 2009 WL 700056, at *3 (amendment sought four months after filing of original complaint and two weeks after deposition in which plaintiff learned facts necessitating joinder was not dilatory); *McNeel v. Kemper Cas. Ins. Co.*, No. 3:04-cv-0734, 2004 WL 1635757, at *3 (N.D. Tex. July 21, 2004) (amendment sought five months after filing of original complaint and six weeks after removal was not dilatory); *Kelley v. Vermont Mut. Ins. Co.*, 407 F. Supp. 2d 301, 308 (D. Mass. 2005) (amendment sought less than five months after the case was removed was not dilatory). Accordingly, the Court finds that Plaintiffs were not dilatory in seeking to amend their Complaint and this factor weighs in favor of granting Plaintiffs' Motion to Amend.

The third factor requires the Court to consider whether the Plaintiffs will be significantly prejudiced if amendment is disallowed. If the Court declines to permit Plaintiffs from naming the individual Defendants as parties to this action, this would result in two pending cases—one in state court (remanded case no. 17-cv-50) and the other in federal court (case no. 17-cv-2)—based off of the same set of facts and against at least one of the same Defendants (Woodcrest). Not only would such a ruling be burdensome for Plaintiffs, but it could lead to inconsistent adjudications as well. Thus, the Court finds that Plaintffs will be significantly prejudiced by not allowing the individual Defendants to be joined as defendants in this action. *See Bridgepointe*, 2009 WL 700056, at *3. As a result, this factor weighs in favor of allowing the amendment.

Finally, the Court must consider "any other equitable factors." "'Diversity jurisdiction was designed originally to protect out-of-state defendants form local prejudice in state courts.'" *Premium Fin. Grp.,* 2014 WL 112308, at *4 (quoting *Winningham v. N. Am. Res.*

17

*Corp.*, 809 F. Supp. 546, 550 (S.D. Ohio 1992)). While Plaintiffs may benefit from proceeding in state court since they are, for the most part, Kentucky residents, Defendant Woodcrest also has significant ties to Kentucky. After all, this litigation arises out of an incident that occurred at a nursing home facility owned and operated by Woodcrest that is located in Kentucky. *See Premium Fin. Grp.,* 2014 WL 112308, at *4.

After reviewing the factors, the Court will exercise its discretion under § 1447(e) to allow joinder of Beckley, Stines, Dwyer, Daniels, Ralston, and Nathan as defendants. The Court finds the circumstances here do not suggest that the purpose of the amendment is to destroy diversity jurisdiction, that Plaintiffs were not dilatory in seeking amendment, that Plaintiffs would suffer prejudice if the amendment were disallowed, and that equitable considerations weigh in favor of allowing the amendment. As the joinder of these non-diverse Defendants destroys complete diversity and consequently divests this Court of subject matter jurisdiction, case no. 17-cv-2 must be remanded to the Kenton Circuit Court.

## IV.   Conclusion

Accordingly, in case no. 17-cv-2**, IT IS ORDERED** that:

1.   Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. # 8) and Motion to Remand (Doc. # 9) are **granted.** Plaintiffs' proposed Amended Complaint (Doc. # 8-2) shall be filed of record, after which this matter shall be **remanded** in its entirety to the Kenton Circuit Court from which it was removed.

2.   Defendant Woodcrest's Motion for Settlement Conference (Doc. # 21) is **denied as moot.**

18

Further, in case no. 17-cv-50, **IT IS ORDERED** that:

1. Plaintiffs' Motion to Remand (Doc. # 14) is **granted,** and case no. 17-cv-50 is hereby remanded in its entirety to the Kenton Circuit Court from which it was removed.

2. The Joint Motion to Dismiss filed by Defendants Rhea Dwyer, Hannah Ralston, Barbara Beckley, and Franklin Nathan (Doc. # 26) is **denied as moot.**

3. Defendant Woodcrest's Motion to File a Surreply (Doc. # 27) is **denied as moot.**

4. Plaintiffs' Motion for Leave to File a First Amended Complaint (Doc. # 31) is **denied as moot.**

This 10th day of July, 2017.

Signed By:
David L. Bunning
United States District Judge

J:\DATA\ORDERS\Cov17\17-2-DLB; 17-50-DLB Omnibus Order.wpd